356 N.W.2d 901 (1984)
Richard V. CALAVERA, Plaintiff and Appellant,
v.
Lyndon W. VIX, Defendant and Appellee.
Civ. No. 10738.
Supreme Court of North Dakota.
October 30, 1984.
Teevens, Johnson & Montgomery, Minot, for plaintiff and appellant; argued by Bruce Montgomery, Minot.
Kenner, Halvorson & Sturdevant, Minot, for defendant and appellee; argued by Harris P. Kenner, Minot.
SAND, Justice.
Calavera appeals from a summary judgment dismissing his action against Vix. We reverse and remand for a trial on the merits.
Calavera filed an action for damages alleging that he sustained injuries in a car accident which was caused by Vix's negligence. The district court entered a summary judgment dismissing Calavera's action on the ground that Calavera failed to meet the $1,000 medical expense threshold under the North Dakota Auto Accident Reparations Act, Chapter 26-41, N.D.C.C., within the applicable statute of limitations.
Under Subsection 26-41-12(1), N.D.C.C., a defendant who is a "secured person" is exempt from liability for non-economical loss unless the injury is a "serious injury" which, for purposes relevant to this case, is defined as "an accidental bodily injury which results in . . . medical expenses in excess of one thousand dollars." Although Calavera filed his action within six years, the district court determined that the action was barred because Calavera had not incurred the requisite $1,000 medical expense threshold within that six-year period.
The district court correctly determined that the six-year statute of limitations under Subsection 28-01-16(5), N.D. C.C., is applicable to Calavera's negligence action against Vix. Hulne v. International *902 Harvester Company, 322 N.W.2d 474 (N.D.1982). The court erred, however, in its interpretation and application of that statute in relation to the North Dakota Auto Accident Reparations Act.
It is undisputed that both parties are "secured persons" under the North Dakota Auto Accident Reparations Act. It is also undisputed that Calavera filed his action within six years from the date of the accident but that Calavera did not receive medical services in excess of $1,000 until sometime after that six-year period. Under these circumstances, we cannot agree with the district court that Calavera's action is barred by the statute of limitations.[1]
In Skoog v. City of Grand Forks, 301 N.W.2d 404 (N.D.1981), this Court construed a statute which required a damage claim against a municipality to be filed within 90 days after sustaining an injury and provided that a claimant could not recover damages in excess of the amount demanded in the claim. The claimant asserted that because of the uncertain nature of his injuries and the uncertainty of the amount of his future damages he was unable to verify with specificity the amount of his damages within 90 days. The claimant contended that under the circumstances he should not be precluded from recovering damages in excess of the amount demanded in the claim. This Court agreed with the claimant that the statute did not limit the claimant's recovery to the damage amounts stated in the claim, and we construed the statute as allowing recovery for future damages which were "reasonably certain to occur" even though the exact dollar amount could not be ascertained or specified within the 90-day time limit to file the claim with the municipality.
We have also held that a plaintiff may recover for future medical services if there is "substantial evidence to establish with reasonable medical certainty that such future medical services are necessary." South v. National Railroad Passenger Corporation, 290 N.W.2d 819, 842 (N.D. 1980).
In construing the six-year statute of limitations in conjunction with the liability exemption provisions of the North Dakota Auto Accident Reparations Act, we note, as we did in Skoog, supra, that statutes must be construed liberally with a view toward promoting its objective and justice. Chapter 26-41, N.D.C.C., merely provides that a defendant is exempt from liability unless the plaintiff's injury "results in" medical expenses exceeding $1,000. It does not provide that those expenses must result or occur within a specified period of time. If the Legislature had intended that $1,000 of medical services must be received within a specified time period it could have easily so provided, but it did not.
Accordingly, we hold that a tort action filed within the six-year statute of limitations is not barred by the $1,000 medical expense threshold under Chapter 26-41, N.D.C.C., if the plaintiff can, in good faith, allege and establish at trial that his total medical expenses will exceed $1,000, including those medical expenses incurred within the limitations period and those which, with reasonable medical certainty, will be incurred in the future. However, mere speculation regarding medical services required will not be sufficient.
In accordance with this opinion, the summary judgment of dismissal is reversed, and the case is remanded for a trial on the merits.
ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.
GIERKE, Justice (concurring specially).
I concur in the result reached by the majority opinion authored by Justice Sand. I agree that the $1,000 medical expense threshold under Chapter 26-41, N.D.C.C., does not bar a tort action filed within the six-year statute of limitations if a plaintiff *903 can, in good faith, establish that the total medical expenses will exceed the threshold.
As the majority opinion points out, Chapter 26-41, N.D.C.C., "merely provides that a defendant is exempt from liability unless the plaintiff's injury `results in' medical expenses exceeding $1,000". The provisions of Chapter 26-41 do not specify that a plaintiff must incur these medical expenses within a certain time in order to recover. The Legislature may deem it appropriate to examine the open-ended nature of Chapter 26-41 and consider placing a limit on the time within which the medical expenses must result or occur in order for an injury to be considered a "serious injury" within the meaning of § 26-41-03(18), N.D.C.C.
SAND and VANDE WALLE, JJ., concur.
NOTES
[1] Upon this Court's request, the parties filed supplemental briefs on this issue in which they cited decisions from several jurisdictions. Having reviewed those decisions, we do not find them to be particularly persuasive in resolving the issue.