RAYNER COVERING SYSTEMS, INC., Plaintiff-Appellee and Counter-defendant-Appellant, v. DANVERS FARMERS ELEVATOR COMPANY, Defendant-Appellant and Counterplaintiff-Appellee.

Second District   No. 2—91—0609

Opinion filed March 20, 1992.

Frederick J. Steffen and F. John Steffen, both of Steffen & Carroll, of Elgin, for appellant.

William H. Weir and Daniel E. Compton, both of Brittain, Ketcham, Strass, Terlizzi, Flanagan, Weir & Johnson, P.C., and Lawrence I. Crisanti, of Muscarello, Crisanti & Young, both of Elgin, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Danvers Farmers Elevator Company (Danvers) appeals after a full trial in this contract damages action. Danvers argues that the trial court erred in granting partial summary judgment to the seller, Rayner Covering Systems, Inc. (Rayner). The court found that a limitation of damages clause in the contract for the sale of a corn storage tarpaulin insulated Rayner from liability for consequential damages. We affirm.

In the summer of 1986, Danvers contracted with Rayner for the custom manufacture and delivery of a tarpaulin intended to cover a temporary outdoor corn storage facility. Rayner delivered the tarpaulin late and it was the wrong size. Much of the unprotected corn spoiled due to heavy rain showers. Rayner sued Danvers for the re-

mainder of the purchase price and costs. Danvers filed a counterclaim for return of the $7,000 down payment and other damages.

After a full trial on the merits, Danvers appeals from a partial summary judgment order that the trial court granted to Rayner prior to trial. In that partial summary judgment order, the trial court interpreted a contract clause as insulating Rayner from liability for consequential damages. This court dismissed an earlier appeal from that partial summary judgment order for lack of jurisdiction (*Danvers Farmers Elevator Co. v. Rayner Covering Systems, Inc.* (1990), 196 Ill. App. 3d 1104 (unpublished order under Supreme Court Rule 23)). In the final order of the case, the trial judge found that Rayner had breached the contract because it delivered an improperly sized tarpaulin. He ordered Rayner to return the $7,000 down payment to Danvers in exchange for Danvers' return of the tarpaulin. The trial judge found that the late delivery was immaterial since Danvers did not start filling the storage facility until three days after actual delivery. Danvers made a timely appeal.

Danvers argues that the trial court erred in concluding that the clause at issue barred recovery of consequential damages from Rayner. Rayner urges this court to affirm the partial summary judgment order as a proper interpretation of the clause based on the record before the trial court at that time. Rayner also urges this court, in a motion that we ordered to be taken with the case, to strike certain portions of Danvers' brief which Rayner claims are not supported by the record.

### RAYNER'S MOTION TO STRIKE

As a preliminary matter, we first address Rayner's motion to strike all or part of Danvers' brief. Rayner argues that Danvers' brief contains citations to material not of record at the time of the summary judgment hearing and new arguments that were not presented or heard at the hearing. Danvers summarily argues that the material and arguments used in its brief are in the record as a whole and should therefore be considered by this court. Danvers did not submit any depositions or affidavits in opposition to Rayner's motion for partial summary judgment. However, Danvers argues that the affidavit of James Vierling, the manager of the Danvers Company, which was submitted to the trial court with Danvers' motion to reconsider the partial summary judgment order, should be considered by this court.

■■ ■ Rayner correctly states that upon appellate review of a summary judgment ruling the appellant may only refer to the record as it existed at the time the trial court ruled, outline the arguments

made at that time, and explain why the trial court erred in granting summary judgment. (See *Certified Mechanical Contractors, Inc. v. Wight & Co.* (1987), 162 Ill. App. 3d 391, 397.) We agree with Rayner that Danvers' brief improperly refers to various parts of the record which were not yet of record at the time the trial court granted Rayner's motion for partial summary judgment. We note that the statement of facts and argument section in Danvers' brief contains citations to trial testimony and to Vierling's affidavit, all of which were not of record when the trial court decided Rayner's motion. For purposes of this opinion, we will therefore limit our review of the record to the record as it existed when the trial court granted Rayner's motion for partial summary judgment. We will also limit our reading of Danvers' brief to those sections which rely on the record as it existed at that time.

■ Rayner also argues that Danvers should be limited to the arguments that it presented to the trial court at the hearing on Rayner's motion. As authority, Rayner cites *Rahill Corp. v. Urbanski* (1984), 123 Ill. App. 3d 769, where the court stated a two-tier standard of review for summary judgment cases. Initially, the appellate court reviews *de novo* the initial summary judgment decision (*Rahill,* 123 Ill. App. 3d at 777), that is, whether the trial court here erred as a matter of law in interpreting the contract clause. The *Rahill* court then stated:

> "However, when an argument is first brought to the trial court's attention by way of a post-judgment motion, the issue on appeal is whether the trial court has abused its discretion in denying that motion. [Citation.] Moreover, when the motion is supported by evidence not presented prior to judgment, it is properly denied where it appears that the evidence was in the movant's possession and could have been presented before judgment was rendered [citation], or could have been discovered through the exercise of due diligence [citation], or where the evidence is not so conclusive or decisive as to render it probable that a rehearing would result in a different judgment." *Rahill,* 123 Ill. App. 3d at 777.

■ We find *Rahill* instructive in that it states that the parties should make a full presentation of evidence and arguments at the initial summary judgment hearing, rather than at a later hearing on a motion to reconsider or, even later yet, when the case is on appeal. Danvers' response to Rayner's motion consisted of a two-page memorandum which contained minimal invocation of supporting case law, and to which no deposition excerpts or affidavits were attached. Dan-

vers could have easily attached an affidavit or the relevant sections from the deposition of James Vierling. We conclude that the trial court did not abuse its discretion in denying Danvers' motion to reconsider. We also limit our consideration of Danvers' arguments on appeal to those which were also made to the trial court at the initial summary judgment hearing. See *Hux v. Raben* (1967), 38 Ill. 2d 223, 225 (appellate court should not consider different theories or new arguments if proof might have been offered to refute them had they been presented at trial); *Cardamone v. Allstate Insurance Co.* (1977), 49 Ill. App. 3d 435, 441 (the theory upon which a case is tried in the lower court cannot be changed on review; an issue not presented to or considered by the trial court cannot be raised for the first time on appeal).

### WAS THE LIMITATION OF DAMAGES CLAUSE ENFORCEABLE?

We now address the substance of this appeal. Danvers argues that the trial court erred by granting Rayner's motion for partial summary judgment on the issue whether the limitation of damages clause insulated Rayner from liability for consequential damages. The clause at issue is on page 2 of the three-page contract, the second of 11 "Terms and Conditions," and states:

> "2. Under no circumstances will Rayner Covering Systems be responsible for the condition of the product being covered, either before or after covering same and liability for same is expressly denied."

We briefly note the parameters of our review. Summary judgment is proper where there is no genuine issue of material fact and judgment may be granted as a matter of law. (*Mitchell v. Jewel Food Stores* (1990), 142 Ill. 2d 152, 165.) The court must construe all pleadings, depositions, affidavits and admissions strictly against the movant. (*Mitchell*, 142 Ill. 2d at 165.) Where other facts are not in dispute, construing a contract clause as a matter of law may be suitable for partial summary judgment. See *National Underground Construction Co. v. E.A. Cox Co.* (1991), 216 Ill. App. 3d 130, 134.

Danvers raises five arguments in support of its position: (1) the clause is unenforceable since it would render the contract meaningless if enforced; (2) the essential purpose of the contract would fail if the clause is enforced; (3) the clause bars recovery of tort damages, but not contract damages; (4) the contract fails to state the intentions of the parties since the clause is unclear; and (5) the clause is procedurally unconscionable for three reasons: the parties did not bargain for it, Rayner never brought it to Danvers' attention, and the clause is

not conspicuous. However, pursuant to our previous disposition of Rayner's motion to strike, we will limit our consideration of Danvers' arguments on appeal to those that it also presented to the trial court when the court decided Rayner's motion. Therefore, we will address Danvers' arguments that the limitation of damages clause should not be enforced because it is vague, overly broad and not conspicuous.

■ In Illinois, parties can limit remedies and damages for breach if their agreement so states and no public policy bar exists. (*Harris v. Walker* (1988), 119 Ill. 2d 542, 548-49; *McClure Engineering Associates, Inc. v. Reuben H. Donnelley Corp.* (1983), 95 Ill. 2d 68, 71-74.) While exculpatory or limitation of damages clauses are not favored and must be strictly construed against a benefitting party (*Harris*, 119 Ill. 2d at 548), the basis for their enforcement is the strong public policy favoring freedom of contract (*Harris*, 119 Ill. 2d at 548; *McClure*, 95 Ill. 2d at 72). In *McClure*, our supreme court upheld the validity of a contract clause limiting the liability of a telephone company sales agent for failure to place a listing in the yellow pages. The court stated:

> "The decisions of this court have consistently reflected a judicial concern with balancing the need to respect the right to freely contract with the need to protect parties from unfair provisions in contracts involving publicly regulated activities. [Citations.] However, in the nonregulated areas the decisions of this court and those of other jurisdictions reflect a widespread policy of permitting competent parties to contractually allocate business risks as they see fit. [Citations.] 'This accords to the individual the dignity of being considered capable of making and standing by his own agreements.' [Citation.]" (*McClure*, 95 Ill. 2d at 72-73.)

We will examine the limitation of damages clause at issue in light of the above principles.

■ We find the 30-word clause to be a simple and enforceable limitation of damages clause. It plainly states in clear and unequivocal language the parties' agreement: that Rayner will not be liable for the condition of the corn, either before or after being covered. We fail to find any vagueness in the clause as Danvers argues. We also fail to find a public policy bar to the clause. Furthermore, we find that Danvers' "conspicuous" argument is misplaced. Danvers seems to argue that under the Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1989, ch. 26, par. 1—101 *et seq.*), the clause at issue was not conspicuous and thus not enforceable. However, such an argument would be more appropriate in a breach of warranty action, of which this action is not,

since the word "conspicuous" is most notably found in section 2—316 of the UCC, which governs the exclusion or modification of warranties. Ill. Rev. Stat. 1989, ch. 26, par. 2—316(2).

Danvers' reliance on *Frank's Maintenance & Engineering, Inc. v. C.A. Roberts Co.* (1980), 86 Ill. App. 3d 980, for the proposition that the clause at issue had to be conspicuous to be enforceable is also misplaced since the cause of action there was based on a breach of the warranty of merchantability. In *Frank's Maintenance*, the court held that a clause limiting damages in the event of a seller's breach could be found to be unconscionable and remanded the case to the trial court to make that determination. The court determined that the clause may not have been brought clearly to the buyer's attention, since it was on the reverse side of an acknowledgement form which did not legibly refer to the presence of terms on the reverse side. (*Frank's Maintenance*, 86 Ill. App. 3d at 991-92.) In contrast to the breach of warranty situation in *Frank's Maintenance*, this action is a suit for contract damages, a large part of which turned on the trial court's interpretation of the limitation of damages clause in the fairly straightforward, three-page contract.

Two other cases cited by Danvers, *Shorr Paper Products, Inc. v. Aurora Elevator, Inc.* (1990), 198 Ill. App. 3d 9, and *Contact Lenses Unlimited, Inc. v. Johnson* (1988), 176 Ill. App. 3d 875, are also distinguishable from this case and thus not controlling. In both *Shorr Paper Products* and *Contact Lenses Unlimited*, the exculpatory clause attempted to exclude *all* liability on the part of the seller, at times in conflict with other portions of the contract. In contrast, the clause at issue here does not seek to exclude any and all liability on Rayner's part. The limitation of damages clause here merely limits Rayner's liability for damage to the product to be covered, Danvers' corn.

We conclude that the trial court properly granted Rayner's motion for partial summary judgment and properly denied Danvers' motion for reconsideration. A plain reading of the limitation of damages clause at issue leads this court to conclude that it operated to bar any recovery by Danvers for damage to the corn.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

WOODWARD and BOWMAN, JJ., concur.