Mark S. ELLINGSON, Plaintiff
and Appellant,

v.

Jeffrey O'Neil KNUDSON and United
Parcel Service, a corporation,
Defendants and Appellees.

Civ. No. 920275.

Supreme Court of North Dakota.

April 27, 1993.

John E. Widdel, Jr., Grand Forks, for plaintiff and appellant; argued by Damon E. Anderson on behalf of counsel of record.

Scott David Jensen of McElroy, Camrud, Maddock & Olson, Grand Forks, for defendants and appellees.

SANDSTROM, Justice.

Mark S. Ellingson appeals from a summary judgment dismissing his personal injury action against Jeffrey O'Neil Knudson and United Parcel Service and from the district court's order denying his motions for post-summary-judgment relief. We affirm.

On December 28, 1987, in Grand Forks, Ellingson's pickup truck was struck from behind by a United Parcel Service (UPS) delivery truck driven by Knudson. Ellingson was examined at United Hospital and released the same day. Ellingson returned to his home in Mason City, Iowa and resumed his job as a police officer. Ellingson did not miss any work due to the accident.

During the spring of 1988, Ellingson saw a Mason City doctor several times for shoulder and neck pain. Ellingson moved to Grand Forks in April 1988, where he saw Dr. Eugene Byron several times for headaches and neck pain. In May 1989, Ellingson received medical treatment after a motorcycle accident. In October 1989, Dr. Douglas Lester, a Bismarck chiropractor, evaluated Ellingson as having a 15 percent permanent partial disability. Dr. Lester attributed 75 percent of the disability to the 1987 auto accident and 25 percent to a 1989 motorcycle accident.[1]

In 1990, Ellingson sued Knudson and UPS, alleging that the 1987 auto accident caused permanent and disabling injuries to his spine. Ellingson sought $1,321.94 for medical expenses since the accident,[2] and "general damages" for pain, suffering, and permanent disability in an amount in excess of $50,000.

Knudson and UPS moved for summary judgment because Ellingson had failed to meet the no-fault thresholds of the North Dakota Auto Accident Reparations Act, N.D.C.C., Chapter 26.1–41. Under section 26.1–41–08,[3] a "secured

1. By court order, Ellingson received a neurological examination from a Minneapolis neurologist who reported, "the patient has no objective findings on examination to suggest any sort of permanent impairment. His headache discomfort is of course a subjective symptom, does not seem to limit his personal or professional activities significantly and might well respond to conservative measures such as biofeedback training."

2. Ellingson's no-fault insurance carrier has paid these expenses.

3. N.D.C.C. § 26.1–41–08 states:
"*Secured person exemption.*
1. In any action against a secured person to recover damages because of accidental bodily injury arising out of the ownership or operation of a secured motor vehicle in this state,

person"[4] is exempt from liability for non-economic loss, unless there is a "serious injury." A serious injury is "an accidental bodily injury which results in death, dismemberment, serious and permanent disfigurement or disability beyond sixty days, or medical expenses in excess of two thousand five hundred dollars...." N.D.C.C. § 26.1–41–01(21).

To oppose the motion, Ellingson submitted Dr. Lester's diagnosis. Ellingson also submitted an affidavit from family practitioner Dr. Eugene Byron, which says, in part:

"3. He has treated Mark Ellingson for an injury sustained by him in a traffic incident occurring on December 28, 1987.

"4. I have continued to see Mr. Ellingson for symptoms resulting from this incident with the last appointment on November 11, 1991 and the next scheduled appointment for January 6, 1992.

"5. I have prescribed medication for treatment of his injury.

"6. I believe that Mr. Ellingson will continue to incur medical expenses in the future for treatment of injuries sustained in the incident of December 28, 1987. These expenses will be incurred on a periodic basis during the course of his life time. I would expect the periodic expenses to be at least as much as they have been on a periodic basis in the past. This opinion is based upon a reasonable medical certainty."

At a summary judgment hearing on January 13, 1992, Ellingson urged the district court to consider the medical expenses likely to accrue during his lifetime:

"MR. ANDERSON: We think that that, coupled with the affidavit of Dr. Byron indicating that it's his opinion within a reasonable medical certainty that future medical expenses will be continuing, and will be incurred on a periodic basis.

"I think the Court can note from Mr. Ellingson's deposition he'll be, I believe, 30 years old this year, I believe in August, is what his deposition indicates, so he's a relatively young man. Life expectancy, the Court could certainly take judicial notice of, is, I believe, in excess of 40 years, and based upon that and the indications by Dr. Byron that he will need this continuing treatment on a periodic basis, clearly this falls within the case that the Supreme Court outlined in *Vix* [*Calavera v. Vix*, 356 N.W.2d 901 (N.D. 1984)] where they indicated that not only those medical expenses which are incurred, but those which are within reasonable medical certainty to be incurred, can be considered by the Court in determining whether or not the thresholds have been met.

"THE COURT: And the *Vix* says without limitation as to time.

"MR. ANDERSON: Without limitation as to time."

The district court granted the defendant's motion for summary judgment, ruling that, (1) as a matter of law, a lifetime was too long a period within which a plaintiff can accumulate medical expenses towards the $2,500 no-fault threshold; and, (2) there was no evidence that Ellingson was disabled. Judgment was entered on March 16, 1992.

Ellingson moved for a new trial under Rule 59(b)(4) N.D.R.Civ.P., claiming he had incurred additional medical expenses since the summary judgment hearing. He also asked the district court to amend its findings under Rule 52(b), N.D.R.Civ.P. In addition, Ellingson moved to alter or amend the summary judgment under Rule 59(j),

the secured person is exempt from liability to pay damages for:
  a. Noneconomic loss unless the injury is a serious injury.
  b. Economic loss to the extent of all basic no-fault benefits paid or to become payable for such injury under this chapter after subtracting the same elements of loss recoverable under any workers' compensation law.
2. The exemption under subsection 1 does not apply unless the person who has sustained accidental bodily injury is a person who may qualify for basic no-fault benefits pursuant to section 26.1–41–06 and who is not excluded under section 26.1–41–07."

**4.** N.D.C.C. § 26.1–41–01(20) defines a secured person as "the owner, operator, or occupant of a secured motor vehicle, and any other person legally responsible for the acts or omissions of the owner, operator, or occupant." There is no dispute that the parties are "secured persons."

N.D.R.Civ.P., to reflect that: (1) $1,462.39 in total medical expenses had been incurred; (2) the disability issue had been raised; (3) Dr. Byron's affidavit did not refer to a lifetime standard; and, (4) the action should be dismissed without prejudice.

■ At the rehearing on June 23, 1992, Ellingson argued the district court had misconstrued Dr. Byron's affidavit. According to Ellingson, Dr. Byron's affidavit states that medical expenses will continue to accrue periodically in proportion to the expenses already incurred. Since medical expenses of approximately $1,400 were incurred within a four-year period following the accident, a similar amount is expected to be incurred during the next four years. The district court treated Ellingson's motions as a motion to reconsider,[5] and amended the findings to reflect $1,462.39 in total medical expenses. The district court held that the additional medical expenses did not affect its summary judgment order. Ellingson's other requests were denied.

Ellingson appeals, arguing that genuine issues of material fact exist which preclude summary judgment. He contends: (1) he has satisfied the medical expense threshold; and, (2) the issue of disability must go to a jury.

■ In *Matter of Estate of Stanton*, 472 N.W.2d 741 (N.D.1991), this Court summarized the standards governing summary judgment. Under Rule 56, N.D.R.Civ.P., a summary judgment should be granted only if it appears that there are no issues of material fact or any conflicting inferences which may be drawn from those facts. *See Production Credit Ass'n of Minot v. Klein*, 385 N.W.2d 485 (N.D.1986). The party seeking summary judgment has the burden to clearly demonstrate that there is no genuine issue of material fact. *Binstock v. Tschider*, 374 N.W.2d 81, 83 (N.D. 1985). In considering a motion for a summary judgment, the court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from the evidence to determine whether summary judgment is appropriate. *Everett Drill. Vent. v. Knutson Flying Serv.*, 338 N.W.2d 662, 664 (N.D.1983). The court must view the evidence in a light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the evidence. *See Stokka v. Cass Cty. Elec. Coop., Inc.*, 373 N.W.2d 911 (N.D.1985). Courts must also consider the substantive standard of proof at trial when ruling on a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *State Bank of Kenmare v. Lindberg*, 471 N.W.2d 470, 474 (N.D.1991).

■ Ellingson contends the district court "has misinterpreted the affidavit of Dr. Byron and misapplied the holding in *Calavera.*"

■ In *Calavera v. Vix, supra*, Calavera filed a personal injury suit within the six-year statute of limitations, but the medical expense threshold was not crossed until sometime after that six-year period. The district court granted summary judgment to Vix on the ground that Calavera had failed to cross the medical expense threshold within the six-year statute of limitations period. We reversed, holding that a tort action filed within the limitations period is not barred by the medical expense threshold, if the plaintiff can, in good faith, establish that the threshold will be crossed, with reasonable medical certainty, in the future. Mere speculation regarding the medical services required in the future is insufficient. *Id.* at 902. Justice Gierke, concurring, urged the legislature to examine the "open ended nature of Chapter 26–41, N.D.C.C., and consider placing a limit on the time within which the medical ex-

---

5. Motions to reconsider are like motions to amend or alter judgments under Rule 59(j), N.D.R.Civ.P. *See St. Paul Fire & Marine Ins. v. Continental Cas.*, 684 F.2d 691, 693 (10th Cir. 1982). The motion should not be for a new trial under Rule 59, N.D.R.Civ.P., since no trial has occurred. In addition, the motion should not be to amend the court's findings under Rule 52, N.D.R.Civ.P., since "findings of fact are unnecessary on a decision of a motion for summary judgment which assumes that there are no disputed issues of fact." *See St. Paul Fire and Marine Ins.*, 684 F.2d at 693.

penses must result or occur in order for an injury to be considered 'a serious injury' within the meaning of § 26–41–03(18), N.D.C.C." *Id.* The legislature has not addressed this issue and legislative history provides little guidance.[6]

■ Rule 56(e), N.D.R.Civ.P., requires that affidavits offered to oppose a summary judgment motion must set forth *specific facts* showing that there is a genuine issue for trial. This standard, combined with our holding in *Calavera*, requires a party opposing summary judgment to raise a genuine issue of material fact that the monetary threshold will be crossed in the future with reasonable medical certainty. Mere speculation will not defeat a motion for summary judgment. The essence of Dr. Byron's affidavit is that (1) he has treated Ellingson for injuries sustained in the 1987 accident, (2) he has prescribed Ellingson medicine for the injury, and (3) he expects Ellingson will continue to accrue expenses on a periodic basis for the rest of his life. The affidavit does not specify the treatment Ellingson will need in the future. The affidavit does little more than conclude that expenses in the future should equal expenses already incurred.

The speculative nature of anticipated expenses grows as the expenses are projected into the future. Accordingly, the need for specific facts establishing medical certainty grows with these projections. Dr. Byron's affidavit suggests Ellingson may cross the medical expense threshold. The absence of specific facts, combined with a lifetime measure, however, fail to raise a genuine dispute of fact as to whether Ellingson will cross the threshold with reasonable medical certainty. Unspecified treatment over the next half century[7] is too speculative to defeat summary judgment.

■ Ellingson asserted his alternative interpretation of Dr. Byron's affidavit for the first time in his motion to reconsider. A motion to reconsider

"[is] appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare."

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983). We will disturb a district court's ruling on a motion to reconsider only if an abuse of discretion is shown. *See In Re Agricultural Research and Technology Group*, 916 F.2d 528, 533 (9th Cir.1990); *Rayner Covering v. Danvers Farmers Elevator*, 226 Ill.App.3d 507, 168 Ill.Dec. 634, 636, 589 N.E.2d 1034, 1036 (1992). During the hearing on the motion for summary judgment, Ellingson urged the district court to construe the affidavit as referring to the medical expenses he would incur over a lifetime. As a result, we cannot say the district court abused its discretion by declining to entertain a new interpretation of the evidence raised after summary judgment. "[This] kind of afterthought, or shifting of ground, is not one of the circumstances in which a motion for reconsideration is appropriate." *Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill.1983).

■ In the alternative to medical expenses in excess of the threshold, "serious injury" can be established by "disability beyond sixty days." N.D.C.C. § 26.1–41–01(21). Ellingson contends that the district court erred by ruling there was no genuine issue of material fact as to whether he was "disabled." Ellingson contends the 15 percent permanent partial disability rating he

---

6. The law is generally silent on how the threshold requirements should be construed. "It appears to be a matter left to the sound discretion of the courts." Thomas O. Smith, *"North Dakota Auto Accident Reparations Act"—North Dakota No–Fault Insurance Law,* 52 N.D.L.Rev. 147, 157 (1975).

7. In its memorandum opinion, the district court estimates Ellingson's remaining life expectancy to be 51.4 years based upon the Statistical Abstract of the United States for 1988. In its order for judgment, the district court refers to Ellingson's remaining life expectancy as 48 years or more.

received from Dr. Lester creates a genuine issue of material fact. "Disability" is defined as "the inability to engage in substantially all of the injured person's usual and customary daily activities." N.D.C.C. § 26.1–41–01(6). The district court found that Ellingson presented no "positive evidence" that would establish a disability. Ellingson's deposition reveals that he did not miss any work because of the accident, nor did he expect to miss any work in the future. When asked if there were things that he could not do that were related to the accident, Ellingson responded "No." In addition, Ellingson presented no evidence that any of his daily and customary activities were substantially affected by the accident.

While Ellingson may be injured, the evidence presented to the district court raises no issues of material fact that his injuries constitute a "disability." Consequently, summary judgment is appropriate. *See Marose v. Hennameyer*, 347 N.W.2d 509 (Minn.App.1984).

The summary judgment and order denying Ellingson's post-summary-judgment motions are affirmed.

VANDE WALLE, C.J., and MESCHKE, LEVINE and NEUMANN, JJ., concur.