Kim **MEHLHOFF**, Plaintiff and Appellant,

v.

**NEWBURG UNITED SCHOOL DISTRICT NO. 54**, Defendant and Appellee.

Civ. No. 930265.

Supreme Court of North Dakota.

Feb. 23, 1994.

Michael Geiermann of Rolfson, Schulz, Lervick Law Offices, Bismarck, for plaintiff and appellant.

Brian W. Hankla of McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellee.

SANDSTROM, Justice.

Kim Mehlhoff appeals from a district court summary judgment dismissing his complaint against Newburg United School District No. 54. Mehlhoff alleges the school district wrongfully did not renew his teaching contract because it failed to "discuss" the evidence at his nonrenewal meeting, in violation of N.D.C.C. § 15–47–38(5).

We affirm, holding the school board, through the use of clarifying questions during the nonrenewal meeting, "discussed" the evidence as required by § 15–47–38(5).

I

During the 1991–92 school year, Mehlhoff was a teacher and coach with Newburg United School District No. 54. In March 1992, Mehlhoff was notified by letter the school board was contemplating nonrenewal of his teaching contract due to a decline in enrollment and lack of funds. A school board meeting was scheduled for discussing and acting on the proposed nonrenewal of his contract.

At the nonrenewal meeting, Mehlhoff personally appeared and was represented by Ron Kouba of the North Dakota Education Association, and Mary Huber, a fellow teacher. The school district was represented by Superintendent John Rintala and Principal Joe Harder.

The special meeting was held in an executive session of the school board. *See* N.D.C.C. § 15–47–38(5). At the start of the meeting, school board President John Wyman read the proposed meeting procedure from the North Dakota School Board Association's Handbook for Board Members:

> "It is this board's obligation to discuss the reasons for this contemplated non-renewal, to evaluate the testimony and evidence presented, and then to determine whether or not the administrator has, in fact, substantiated the reasons given for the contemplated non-renewal.... When all witnesses have been heard, each party will be allowed to make a closing statement with the board representative making the first such statement. Following the closing statements, discussion will be limited to board members only. The board will then determine whether or not the administration has, in fact, substantiated the reason given for the contemplated non-renewal."

The procedures outlined by President Wyman were agreed to by the school board and Mehlhoff.

To support nonrenewal of Mehlhoff's contract, Superintendent Rintala presented testimony and evidence of decreased enrollment and lack of funds. Superintendent Rintala also explained why, under the district's reduction in force policy, Mehlhoff was chosen for nonrenewal. Mehlhoff and his representatives questioned Superintendent Rintala concerning his testimony and evidence. Following Superintendent Rintala's presentation, Mehlhoff and his representatives made a presentation. Mehlhoff produced several witnesses to support his position that his teaching contract should be renewed. During Mehlhoff's presentation, several school board members asked questions of Mehlhoff and his witnesses. Superintendent Rintala also asked questions. At the close of the evidence, Superintendent Rintala made a closing statement, followed by closing statements by Mehlhoff and Kouba.

Following the closing statements, President Wyman asked for a motion from the school board. School board member Ray Boll moved the board find that the reasons for nonrenewal had been substantiated, and Mehlhoff's contract not be renewed. The motion was seconded, and President Wyman asked if there was any further discussion by board members only. There was no further discussion. The board voted, by roll call vote, not to renew Mehlhoff's teaching contract.

In September 1992, Mehlhoff sued the school district for monetary damages, alleging the school board wrongfully did not renew his teaching contract. Mehlhoff claims the school board violated his rights under N.D.C.C. § 15–47–38(5), and under the agreed upon meeting procedure, by not properly discussing the evidence before voting on his nonrenewal. Both Mehlhoff and the school district moved for summary judgment. The district court granted the school district's motion for summary judgment, concluding the school board did not violate Mehlhoff's rights during the nonrenewal meeting.

## II

Under Rule 56, N.D.R.Civ.P., summary judgment should be granted only if it appears there are no genuine issues of material fact or any conflicting inferences that may be drawn from those facts. *See Ellingson v. Knudson,* 498 N.W.2d 814, 817 (N.D. 1993). The issues raised by Mehlhoff on appeal are controlled by the nonrenewal procedure of N.D.C.C. § 15–47–38(5). The interpretation of a statute is a question of law and is fully reviewable by this Court. *Gabriel v. Minnesota Mut. Fire and Cas.,* 506 N.W.2d 73, 75 (N.D.1993).

## III

N.D.C.C. § 15–47–38(5) provides:

"The school board of any school district contemplating not renewing a teacher's contract ... shall notify the teacher in writing of such contemplated nonrenewal.... The teacher must be informed in writing of the time, ... and place of a special school board meeting for the purpose of discussing and acting upon such contemplated nonrenewal. The teacher must also be informed in writing of the reasons for nonrenewal.... The reasons given by the board for not renewing a teacher's contract must be sufficient to justify the contemplated action of the board and may not be frivolous or arbitrary but must be related to the ability, competence, or qualifications of the teacher or the necessities of the district such as lack of funds calling for a reduction in the staff. At the meeting with the board the teacher may then produce such evidence as may be necessary to evaluate the reasons for nonrenewal, and either party may produce witnesses to confirm or refute the reasons. The administrator shall substantiate the reasons with written or oral evidence presented at the meeting.... All witnesses are subject to questioning for the purposes of clarification. *At the meeting, the board shall discuss the evidence presented.* If the reasons for nonrenewal have not been substantiated, the nonrenewal proceedings will be dismissed. The meeting must be an executive session of the board unless both the school board and the teacher agree that it is to be open to other persons or the public.... The determination not to renew a contract if

made in good faith is final and binding on all parties...." (Emphasis added.)

Mehlhoff claims the school board violated both § 15–47–38(5) and the procedure agreed upon, by failing to discuss at the end of the meeting the reasons for his nonrenewal. Mehlhoff contends the requirement in § 15–47–38(5) that "[a]t the meeting, the board shall discuss the evidence presented" requires the board to discuss the evidence after closing statements and before voting. Mehlhoff also claims a similar requirement is mandated by the procedure agreed upon at the start of the meeting. The procedure provides: "[f]ollowing the closing statements, discussion will be limited to board members only." Mehlhoff does not claim the board's nonrenewal decision was frivolous or arbitrary.

The district court rejected Mehlhoff's contentions, finding in its conclusions of law:

"The school board substantially complied with the provisions of N.D.C.C. § 15–47–38(5), which provides that the board shall discuss the evidence presented at the nonrenewal hearing. The record clearly shows (and it is not disputed) that from time to time the various school board members ask questions of the witnesses throughout the course of Plaintiffs' nonrenewal hearing. The statute does not provide that there shall be such discussion at any specific point in the hearing, and it is not legally or procedurally essential that there be such discussions after the presentation of all of the evidence and the closing statements. Thus, the board members discussed the evidence presented in compliance with N.D.C.C. § 15–47–38(5).

"The school board also substantially complied with the proposed procedure for nonrenewal hearings as recommended by the North Dakota School Board Association. Again, the board members asked questions of the witnesses who testified at the nonrenewal hearing. The proposed procedure does not force a discussion by board members after the parties and representatives have made the closing statements. The reasons given for nonrenewal were substantiated and the actions of the school board were neither frivolous nor arbitrary. The board acted with full consideration to basic fairness and dignity."

Mehlhoff's appeal raises two issues: (1) whether either § 15–47–38(5), or the agreed upon meeting procedure, required the school board to discuss the evidence after closing statements, and (2) whether the school board's questions during the meeting satisfy the discussion requirements of § 15–47–38(5) and the agreed upon procedure.

■ In interpreting a statute, we first look to its words. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. The discussion requirement of N.D.C.C. § 15–47–38(5) is clear and unambiguous. The board is to discuss the evidence at the meeting. The plain language of the statute does not require the board to discuss the evidence after closing statements, and we will not add such a requirement through interpretation. Similarly, the agreed upon meeting procedure limits the discussion after closing statements to board members, it does not require the board to discuss the evidence at that time.

■ Mehlhoff contends the board failed to discuss the evidence at his nonrenewal meeting. According to Mehlhoff, questions during the hearing do not satisfy the statutory requirement. Citing Webster's Dictionary (2nd ed. unabridged) Mehlhoff defines "discuss" as: "to talk or write about; to take up in conversation or in a discourse; consider and argue the pros and cons of." Mehlhoff also notes "discuss" is synonymous with terms such as "debate, argue, dispute, and controvert."

■ Although Mehlhoff's definition is accurate, his logic is flawed. A debate is a discussion, but not all discussions are debates. Discussions can take many forms, including the asking of questions. We have reviewed the transcript from the nonrenewal meeting and conclude, as a matter of law, the school board satisfied its duty under § 15–47–38(5) to discuss the evidence. Under § 15–47–38(5), discussion is required to ensure the board's decision is not frivolous or arbitrary. In determining whether a school

board has met its duty to discuss, the inquiry is not on whether the board has used a particular form of discussion, but rather, whether the board was actively involved in determining whether the reasons for the non-renewal were substantiated.

Here, the board was actively involved in the meeting. The board heard presentations from both Superintendent Rintala, and Mehlhoff and his representatives and witnesses. The board asked questions of many of the participants and was actively involved in deciding whether Mehlhoff's teaching contract should be renewed.

The judgment of the district court is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.