**Rod REISENAUER, Plaintiff and Appellant,**

v.

**James E. SCHAEFER and Pamela Susag, Defendants and Appellees.**

Civ. No. 930237.

Supreme Court of North Dakota.

April 20, 1994.

Michael J. Maus, Howe, Hardy, Galloway & Maus, PC, Dickinson, for plaintiff and appellant.

Robert J. Snyder, Snyder Coles Lawyers, Bismarck, for defendant and appellee James E. Schaefer.

Jerry W. Evenson, Zuger, Kirmis & Smith, Bismarck, for defendant and appellee Pamela Susag.

LEVINE, Justice.

Rod Reisenauer appeals from a judgment awarding him only damages for noneconomic loss. We affirm in part, reverse in part and remand.

On June 24, 1990, Reisenauer and James Schaefer were involved in an automobile accident. Schaefer was driving a vehicle owned by Pamela Susag. Reisenauer sued Schaefer for negligent operation of the vehicle and Susag for negligent entrustment of her vehicle to Schaefer. The jury found Schaefer negligent, and Susag not negligent. It also decided that Reisenauer suffered a serious injury and that his damages were wholly attributable to Schaefer's negligence. The jury awarded Reisenauer $1,700 for noneconomic loss [1] and $28,900 for economic loss,[2] $900 of which was for past medical expenses and $28,000 of which was for past loss of productive time.

Following the jury's special verdict, Schaefer moved to exclude the amount awarded for economic loss from the judgment to be entered. Schaefer argued that because Reisenauer had admitted in his answers to Schaefer's interrogatories that Schaefer was a secured person and that Reisenauer was entitled to no-fault benefits and had not exhausted his basic no-fault benefits, Schaefer was exempt from liability to pay damages for Reisenauer's economic loss. Reisenauer replied that Schaefer did not raise the issue properly and failed to present any proof as to what amount of basic no-fault benefits Reisenauer had received. The trial court granted Schaefer's motion and entered judgment accordingly. Reisenauer appealed.

On appeal, Reisenauer raises two issues: whether the trial court erred in granting Schaefer's motion to exclude economic loss and whether Reisenauer is entitled to a new trial.

I.

Reisenauer argues that the trial court erred in granting Schaefer's motion to exclude economic loss because the secured-person exemption, NDCC § 26.1–41–08, is an affirmative defense which Schaefer waived by failing to raise prior to trial and that in order to claim the secured-person exemption, Schaefer must show that the economic damages were not paid or payable to Reisenauer as basic no-fault benefits. We reject Reisenauer's arguments because they ignore the legislative scheme of chapter 26.1–41 and the text and structure of NDCC § 26.1–41–08.

Section 26.1–41–08 provides to a secured person an exemption from liability for damages under specified circumstances:

"1. In any action against a secured person to recover damages because of accidental bodily injury arising out of the ownership or operation of a secured motor vehicle in this state, the secured person is exempt from liability to pay damages for:

a. Noneconomic loss unless the injury is a serious injury.

b. Economic loss to the extent of all basic no-fault benefits paid or to become payable for such injury under this chapter after subtracting the same elements of loss recoverable under any workers' compensation law.

---

1. "'Noneconomic loss' means pain, suffering, inconvenience, and other nonpecuniary damage recoverable under the tort law of this state." NDCC § 26.1–41–01(11).

2. "'Economic loss' means medical expenses, rehabilitation expenses, work loss, replacement services loss, survivors' income loss, survivors' replacement services loss, and funeral, cremation, and burial expenses." NDCC § 26.1–41–01(7).

"2. The exemption under subsection 1 does not apply unless the person who has sustained accidental bodily injury is a person who may qualify for basic no-fault benefits pursuant to section 26.1–41–06 and who is not excluded under section 26.1–41–07."

Under subsection (1)(a) of the statute, a secured person[3] is exempt from liability for noneconomic loss unless the victim has sustained a serious injury. We have construed this subsection as a "threshold requirement for seeking noneconomic damages" and have placed the burden on the plaintiff to allege and establish that she has met the threshold requirement. *Erdmann v. Thomas*, 446 N.W.2d 245, 246 (N.D.1989); *see also Calavera v. Vix*, 356 N.W.2d 901, 902 (N.D.1984). In *Erdmann*, in determining whether the trial court properly admitted the plaintiff's medical bills into evidence, we explained that "[u]nder § 26.1–41–08(1)(a), ... Erdmann was not entitled to recover for noneconomic loss unless his injury qualified as a 'serious injury'" and that as the plaintiff, Erdmann "ha[d] the burden of alleging and establishing at trial that the no-fault threshold requirement has been met." *Erdmann, supra* at 246.

▪ Under subsection (1)(b) of NDCC § 26.1–41–08, a secured person is exempt from liability for economic damages to the extent the victim has been or will be paid basic no-fault benefits for those economic damages. *See also Imperial Casualty & Indem. Co. v. General Casualty Co.*, 458 N.W.2d 335, 337 (N.D.1990). "Basic no-fault benefits" are benefits for economic loss resulting from accidental bodily injury and are limited to $30,000 per person for any one accident and may not exceed $150 per week for work loss. NDCC § 26.1–41–01(2). The statute establishes prerequisites for the recovery of damages for noneconomic loss and economic loss.[4] Just as the plaintiff must establish a serious injury to recover for non-

economic loss from a secured-person defendant, so must the plaintiff establish economic loss in excess of paid or payable basic no-fault benefits in order to recover damages for economic loss from a secured-person defendant. Section 26.1–41–08(1)(b) is subject to the same construction as section 26.1–41–08(1)(a); that is, it is a threshold requirement which a plaintiff must meet before he may recover for his economic loss. In other words, a plaintiff is not entitled to recover in tort for economic loss unless he alleges and establishes that his economic loss exceeds the basic no-fault benefits paid or payable to him.

▪ Our construction of section 26.1–41–08(1) as a threshold requirement is in keeping with the purpose of chapter 26.1–41 (the No–Fault Act). The primary purpose of the No–Fault Act is to compensate automobile accident victims adequately. *Moser v. Wilhelm*, 300 N.W.2d 840, 847 (N.D.1980). Toward that end, the Act requires all owners of motor vehicles to carry coverage for economic loss resulting from accidental bodily injury (along with liability coverage), NDCC § 26.1–41–02, and limits tort recovery. NDCC § 26.1–41–08. This is the key aspect of no-fault: to transfer victim compensation from fault-based common law tort recovery to a compulsory no-fault insurance fund. *See* Walter J. Blum & Harry Kalven, Jr., *Ceilings, Costs, and Compulsion in Auto Compensation Legislation*, 1973 Utah L.Rev. 341, 344; Thomas O. Smith, *"North Dakota Auto Accident Reparations Act"—North Dakota's No–Fault Insurance Law*, 52 N.D.L.Rev. 147, 149–50 (1975). By removing the bulk of motor vehicle accidents from the constraints of the tort system, no-fault statutory schemes provide direct and rapid compensation to automobile accident victims through an insurance fund without regard to fault. 12A George J. Couch et al., Cyclopedia of Insurance Law § 45:664 (2d ed. 1981); Blum & Kalven, *supra* at 344. Construing section 26.1–41–08(1) as a threshold requirement which a plaintiff must satisfy in order to

---

**3.** " 'Secured person' means the owner, operator, or occupant of a secured motor vehicle, and any other person legally responsible for the acts or omissions of the owner, operator, or occupant." NDCC § 26.1–41–01(20).

**4.** The secured-person exemption does not apply in a case where the plaintiff driver did not own the unsecured automobile and did not qualify for basic no-fault benefits under NDCC § 26.1–41–06. NDCC § 26.1–41–08(2); *Van Klootwyk v. Arman*, 477 N.W.2d 590, 592–93 (N.D.1991).

recover in tort is consistent with the purpose of the No–Fault Act to compensate adequately automobile accident victims through the mandatory no-fault insurance fund. *See* Smith, *supra* at 156–59.

Additionally, the burden of proving that economic loss exceeds basic no-fault benefits paid or payable to the plaintiff best is borne by the plaintiff. The plaintiff knows what his basic no-fault benefits are, how much he has received, and how much he will get. He also knows what his unreimbursed economic damages are. *See, e.g., In re Mt. Pleasant Bank & Trust Co.*, 455 N.W.2d 680, 685 (Iowa 1990) ["[T]he burden of proof ordinarily rests on the party who possesses the facts on the issue in dispute."]. As both a matter of statutory construction and fairness, then, section 26.1–41–08(1)(b) is a threshold requirement for which the plaintiff bears the burden of proof.

■ Unlike the "serious injury" threshold of section 26.1–41–08(1)(a), however, the issue of whether the plaintiff's economic loss exceeds the no-fault benefits paid or payable to her is not one for the jury. Depending upon the particular circumstances, the trial court may decide the issue pretrial, but in any event should decide it and exclude the amount of paid or payable basic no-fault benefits before entering judgment, in order to prevent double recovery. *See Moser v. Wilhelm, supra* at 845–47 [holding that plaintiff properly was prevented from introducing evidence of economic loss where plaintiff admitted she had not exhausted her basic no-fault benefits and only issue was whether defendant was a secured person].

■ Reisenauer did not establish the amount of economic loss that exceeded the basic no-fault benefits paid or payable to him. Instead, in response to Schaefer's motion to reduce the jury's determination of Reisenauer's economic loss by the amount of basic no-fault benefits paid or payable to Reisenauer, Reisenauer simply responded that it

would be "ludicrous" to assume that he had received \$28,900 in basic no-fault benefits. That was the extent of the guidance Reisenauer offered to the trial court. It was Reisenauer, not Schaefer, who bore the burden of showing that his economic loss exceeded the basic no-fault benefits paid or payable to him for that loss. Faced with no information about the amount of Reisenauer's basic no-fault benefits or their purpose, and an award that was, on its face, less than the maximum allowable amount of basic no-fault benefits, *see* NDCC § 26.1–41–01(2), the trial court simply excluded the whole \$28,900 from the judgment. However warranted the trial court's order may seem under the circumstances, we believe that justice best is served by reversing and remanding with direction to the trial court to determine the amount of basic no-fault benefits paid or payable to Reisenauer and to reduce the jury's determination of Reisenauer's economic damages by that amount. We note that during trial, Reisenauer disclosed in chambers that he was not seeking damages for his medical expenses that were covered by his no-fault benefits (*i.e.*, doctor bills), leaving us with a fair inference that his claimed economic loss for medical expenses and past loss of productive time exceeded the basic no-fault benefits paid or payable to him for those losses. *See also,* NDCC § 26.1–41–01(2).[5] Of course, Reisenauer must provide the necessary information to the trial court this time around or forfeit any claim for economic loss.

## II.

■ Reisenauer also claims he is entitled to a new trial. He contends that the jury's special verdict was inconsistent because the jury found that Reisenauer sustained a serious injury but did not award him damages for future pain, discomfort, and mental anguish or for permanent disability, and that the jury's award of damages was "so inadequate as to be without support in the evidence."[6]

---

**5.** Basic no-fault benefits are limited to \$150 per week for work loss. NDCC § 26.1–41–01(2). Reisenauer presented evidence to the jury that he had missed between thirteen and twenty-three working days, and that he netted \$1500 per day

for chemical spraying and \$490 per day for seeding.

**6.** Reisenauer also contends that the jury's finding that Susag was not negligent was "contrary" to the evidence. However, having failed to move

■ We uphold a jury's special verdict on appeal whenever possible and we will set aside a jury's special verdict only when it is perverse and clearly contrary to the evidence. *E.g., Slaubaugh v. Slaubaugh*, 466 N.W.2d 573, 576 (N.D.1991). The test is whether no reconciliation of the jury's answers is possible and the inconsistency is such that the special verdict will not support the judgment entered below or any other judgment. *Binstock v. Fort Yates Pub. Sch. Dist.*, 463 N.W.2d 837, 839–40 (N.D.1990). This court will interfere with a jury's award of damages only if it is so excessive or inadequate that it is without support in the evidence. *E.g., Slaubaugh, supra* at 576.

Here, the jury's finding that Reisenauer sustained a serious injury is not inconsistent with its failure to award damages for future pain, discomfort, and mental anguish or for permanent disability. First, nothing in the jury instructions required the jury to award damages for those items upon a finding of serious injury. *See Grenz v. Kelsch*, 436 N.W.2d 552, 554 (N.D.1989). Second, the jury did award Reisenauer damages for past pain, discomfort, and mental anguish. We have noted that "[b]y nature, damages for future pain, discomfort, and mental anguish are more speculative than damages for past pain, discomfort, and mental anguish," and thus an award for past but not future pain, discomfort, and mental anguish may not be inconsistent. *Slaubaugh, supra* at 577 n. 1. Finally, one of the definitions of a serious injury is disability beyond sixty days. NDCC § 26.1–41–01(21). The jury could have determined that Reisenauer's disability either terminated after sixty days or would not extend into the future. We conclude that the verdict is not inconsistent.

■ Nor was the jury's award of damages so inadequate that it was without support in the evidence. The determination of damages for pain, discomfort, and mental anguish largely is dependent upon the jury's common knowledge, good sense, and practical judgment and mainly rests within its sound discretion. *Slaubaugh, supra* at 577.

Reisenauer testified that he has slept poorly since the accident due to back pain. We do not think the jury's award of noneconomic damages is outside the limits of the range supported by the evidence. The jury's award of medical expenses correlates with those claimed by Reisenauer. The jury's award for past loss of productive time likewise is in line with the evidence presented by Reisenauer about the number of days of work he missed due to the accident.

We affirm that portion of the judgment awarding noneconomic damages, but reverse the exclusion of economic loss and remand for reconsideration of Reisenauer's recoverable economic loss, if any.

VANDE WALLE, C.J., and NEUMANN, J., concur.

MESCHKE, Justice, concurring.

I concur in the result. I am less certain than the majority that Schaefer could procedurally raise a defense after the jury verdict. The new question of the extent of Reisenauer's "secured person" receipt of basic no-fault benefits paid or to become payable was not raised in the pleadings. Since no question of jurisdiction or failure to state a claim is presented, this ruling does little or nothing to further the underlying policy of no-fault statutes that are designed to remove most motor vehicle-accident claims from the court-administered tort system.

Schaefer did not plead a no-fault threshold question, nor did he object to Reisenauer's proof of economic damages, nor did he ask the court to consider a no-fault limitation until after the jury verdict. "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, must be asserted in the responsive pleading thereto if one is required," except for certain important claims that can be presented by motion "made before pleading if a further pleading is permitted." N.D.R.Civ.P. 12(b). Every defense is waived "if it is neither made by motion under this rule nor included in a

for judgment as a matter of law under N.D.R.Civ.P. 50 or a new trial under N.D.R.Civ.P. 59, he may not raise the issue of sufficiency of the evidence for the first time on appeal. *Mevorah v. Goodman*, 79 N.D. 443, 57 N.W.2d 600, 607 (1953).

responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." N.D.R.Civ.P. 12(h). Failure to object to evidence during trial ordinarily waives any right to object to that evidence later. N.D.R.Ev. 103(a) ("Error may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected and (1) *Objection*. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context;...."). In this case, the trial court should have denied Schaefer's very belated post-trial motion raising a new defense.

Still, the remand for correct determination of the factual question does substantial justice. For that reason, I concur in the result.

SANDSTROM, J., concurs.