**David W. WESTERSO, Plaintiff and Appellant,**

v.

**Gerald RUSTAD, Dolores Harstad, Defendants and Appellees.**

Civ. No. 930348.

Supreme Court of North Dakota.

June 15, 1994.

David W. Westerso, pro se on brief.

Cathy Howe Schmitz of Schmitz Law Office, Williston, for defendant and appellee Dolores Harstad.

Gerald Rustad, pro se.

SANDSTROM, Justice.

David W. Westerso appeals from a summary judgment dismissing his complaint against Dolores Harstad and Gerald Rustad. The district court concluded Westerso's claims were barred by the statute of limitations.

We affirm.

## I

David Westerso and Dolores Harstad were divorced in 1973. Gerald Rustad represented Harstad in the divorce proceeding. Westerso and Harstad had entered into a marital termination agreement, which divided their marital estate. The agreement provided:

"7. That the mutual funds in the joint names of the parties shall continue until sold, at which time the proceeds shall be divided equally."

Westerso claims he never agreed to equally divide the mutual funds, and the above-quoted provision was not part of the agreement he signed. Westerso alleges the marital termination agreement was altered after he signed it, and, at the time of the divorce, he did not receive a copy of the agreement or a copy of the divorce judgment incorporating the agreement.

Westerso sued Harstad and Rustad claiming fraud, criminal conversion, and breach of contract arising out of the 1973 divorce judgment. Harstad moved for summary judgment claiming Westerso's claims were barred by the statute of limitations. After a hearing in which the trial court took judicial notice of the divorce file, the trial court entered summary judgment against Westerso. The trial court concluded Westerso knew the contents of the divorce agreement at least by 1980, and therefore, Westerso's claims were barred by the statute of limitations.

Westerso appeals. We have jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–27–02. The appeal is timely under Rule 4(a), N.D.R.App.P.

## II

In *Ellingson v. Knudson*, 498 N.W.2d 814, 817 (N.D.1993), we summarized the standard of review governing summary judgment:

"Under Rule 56, N.D.R.Civ.P., a summary judgment should be granted only if it appears that there are no issues of material fact or any conflicting inferences which may be drawn from those facts. The party seeking summary judgment has the burden to clearly demonstrate that there is no genuine issue of material fact. In considering a motion for a summary judgment, the court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from the evidence to determine whether summary judgment is appropriate. The court must

view the evidence in a light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the evidence. Courts must also consider the substantive standard of proof at trial when ruling on a motion for summary judgment." (Citations omitted.)

### III

Actions based on fraud must begin within six years after the claim for relief accrued. N.D.C.C. § 28–01–16(6). A claim of fraud accrues when the aggrieved party discovers the facts constituting the fraud. N.D.C.C. § 28–01–16(6). *Phoenix Assur. Co. of Canada v. Runck*, 366 N.W.2d 788, 791 (N.D. 1985). Westerso filed his complaint on March 16, 1993. Therefore, if Westerso knew of the allegedly altered agreement, or the divorce judgment incorporating the agreement, before March 16, 1987, his cause of action is barred by the statute of limitations.

After reviewing the entire record, including the original divorce file, we conclude Westerso's cause of action accrued prior to March 16, 1987, and therefore, summary judgment was appropriate.

The divorce file contains several documents which reflect Westerso's knowledge of the divorce judgment before 1987. The file contains a registered mail receipt filed immediately after the divorce judgment. The receipt shows on July 18, 1973, five days after the divorce judgment was entered, Westerso signed for a letter sent by the law firm of Anseth & Rustad. Although the divorce file does not contain an affidavit of mailing, the receipt appears to reflect that the divorce judgment was mailed to Westerso.

Westerso's knowledge of the contents of the divorce judgment is also established from his April 15, 1975, motion to modify the divorce judgment. Although the motion was unrelated to the mutual funds, it shows Westerso knew the contents of the divorce judgment as early as 1975.

The divorce file also contains a letter from Westerso to the Williams County State's Attorney, filed on February 20, 1985, explaining why Westerso had stopped making child support payments. In the letter, Westerso recognizes Harstad's claim to half of the proceeds of the mutual funds. The letter states, in part:

"I had $3000 invested in a Hamilton HDA mutual fund before I met her [Harstad]. In 1971, ... I sold it and reinvested the money in three other funds to be used for college expenses for [our two children]. This is how I lost control of the other $1000 as Mrs. Harstad's name was put on it as joint tenant with rights of survivalship.... These funds are worth about $5600 now and I discussed cashing them in for [my daughter's] college expenses.... *Mrs. Harstad demanded her half now* and became intimidating when notified by the clerk of court that I had stopped payments.... She also stated in our phone conversation that *she could force the court to make me release these funds to her.*" (Emphasis added.)

In addition to the divorce file, a statement made by Westerso in his twenty-nine page complaint in this case indicates he had knowledge of the agreement before March 16, 1987. In paragraph 24 of his complaint, Westerso admits he knew of the alleged fraud, in *1984:*

"That both Defendants knew the high blood pressure disease that Plaintiff had and equally hoped that he would succumb to this ailment long before the test of the default action became due and due it did become with the *Plaintiff's refusal to let this fraud come to pass when Donna Westerso was preparing for college in 1984.*" (Emphasis added.)

Westerso filed other documents in the record also showing his knowledge of the agreement prior to 1987. In an April 27, 1993, letter to Congressman Earl Pomeroy, Westerso states:

"However, evidence will prove that I am the victim with continuous breaches of contract right from the beginning after I signed this altered contract right up to 1986. It is the 10 year statute of limitations on contracts that allows this action I have against Harstad [and] Rustad...."

In an April 8, 1993, letter to the Office of Inspector General, United States Department of Education, Westerso admits he knew of the alleged fraud, in *1986*:

"The money involved from the mutual funds mentioned above were to be used for college funds with the divorce from Mrs. Harstad, in 1973, however, after being talked into defaulting and signing a 'contract' that was altered and *concealed from me for 13 years,* those funds were transferred away from my ownership and ended up with the false arrest and prosecution of me as I refused to let these criminals get away with this legal fraud." (Emphasis added.)

In Westerso's motion for new trial and relief from judgment, he claims the trial judge erred in entering summary judgment against him:

"10. Last but not least in hearing judge's abuse of discretion was his invention of the years, 'late 70's['] as a basis to allow the statute of limitations of 10 years on a breach of contract. He completely ignores, again, the complaint of not discovering the fraud involved in the 'Agreement' until late 1986, after Plaintiff's false arrest...."

Westerso resisted Harstad's motion for summary judgment, but offered no affidavits in support of his position. In light of the multiple pieces of evidence showing Westerso's knowledge of the agreement prior to 1987, and the lack of any evidence to the contrary creating issues of material fact, summary judgment was appropriate. *Ellingson,* 498 N.W.2d at 817.

The judgment of the trial court is affirmed.

VANDE WALLE, C.J., LEVINE and MESCHKE, JJ., VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of NEUMANN, J., disqualified.