Donald W. USRY, Plaintiff
and Appellant,

v.

Karen L. THEUSCH, Defendant
and Appellee.

Civ. No. 940069.

Supreme Court of North Dakota.

Oct. 3, 1994.

Farhart, Lian, Maxson, Louser & Zent, Minot, for plaintiff and appellant; argued by Steven C. Lian.

McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendant and appellee; argued by Richard H. McGee, II.

MESCHKE, Justice.

Donald Usry appeals from denial of a new trial after a jury refused him damages for injuries he claimed from his car colliding with Karen Theusch's. We affirm.

When Usry drove with his wife into a controlled intersection in Minot, North Dakota, on August 18, 1988, Theusch's car entered against a red light and struck the side of his car, causing moderate damage to both cars. Usry claimed severe injuries from the collision, including pain and disability that brought about his discharge from the Air Force. Usry sued Theusch for his injuries. Theusch admitted liability, but disputed that Usry's physical condition was caused by the collision.

At a jury trial in December 1993, Usry's orthopedic specialist testified about the extent of Usry's injuries and that they were a result of the collision. Theusch's kinematics expert testified that the collision was minor, that the forces exerted on Usry in the car were minor, and that Usry could not have been injured to the extent he claimed. The jury found that the collision did not proximately cause Usry's injuries.

Usry moved for a new trial, claiming that there was insufficient evidence to justify the

verdict and that the verdict was an injustice. While the trial court was "very flabbergasted at the verdict" and thought at first it was a "very surprising decision," the court later denied Usry a new trial in a thoughtful order. *See* NDRCivP 59(f) ("the judge shall file a written memorandum concisely stating the different grounds on which the ruling is based...."). The court concluded that the factual question of proximate cause had been properly submitted to the jury, that Theusch's expert was qualified "as an expert in the areas about which he testified" even if his qualifications were subject to doubt about "quality and quantity," and that the factual dispute had been properly resolved for Theusch by the jury. Usry appeals.

Usry renews his argument that there was insufficient evidence for the jury's finding that the collision did not cause his injuries. Therefore, Usry claims, the trial court abused its discretion in denying his motion for a new trial. He argues that the jury's finding was contrary to the evidence, that the evidence disputing causation was insufficient to justify the verdict, and that the verdict was an injustice. We disagree.

 The standard for review of an order denying a motion for new trial is, after viewing the evidence in the light most favorable to the verdict, whether there is sufficient evidence to justify the verdict. *Miller v. Breidenbach,* 520 N.W.2d 869, 872 (N.D. 1994). A denial of a motion for new trial will not be reversed by this court unless the trial court abused its discretion in denying the motion. *Id.* at 872.

A trial court abuses its discretion when it acts in an arbitrary, unreasonable or unconscionable manner. A trial court acts in an arbitrary, unreasonable or unconscionable manner when its exercise of discretion is not "the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination," or, as alternatively stated, when it misinterprets or misapplies the law.

*State v. Daulton,* 518 N.W.2d 719, 724 (N.D. 1994) (citations omitted). We see no abuse of discretion in this case.

In a factually similar case, the parties were involved in a low-speed collision, and the plaintiff complained of serious pain and injuries afterwards, but the jury awarded no damages. *McCommon v. Hennings,* 283 N.W.2d 166 (N.D.1979). We reviewed the evidence "in the light most favorable to the verdict assessing no damages," *id.* at 168, and we held that the trial court did not abuse its discretion in denying a new trial on damages. *Id.* at 170. As here, there was expert testimony by the plaintiff's doctor that the plaintiff had a ten percent disability from injuries in the collision. In affirming the denial of a new trial, this court held that, when injuries are "uncertain and based upon opinion ... it is entirely within the province of the jury to find the amount of damages, if any, and it would be an invasion of the jury's function for the court to direct the finding of a certain amount." *Id.* at 169. *Compare Miller v. Breidenbach,* 520 N.W.2d 869 (N.D. 1994) (affirming denial of new trial where severe whiplash from rear-end collision resulted in a $400,000 jury verdict claimed to be excessive by the defendant). *See also Belinskey v. Hansen,* 261 N.W.2d 390 (N.D. 1977) (affirming denial of new trial where minor rear-end collision with claimed serious injuries and disability resulted in jury finding that other driver negligently caused collision but jury awarded nothing for damages).

Plenty of evidence, evidently believed by the jury, supports this verdict. Dr. Richard Howard, an engineer and medical doctor, testified as Theusch's kinematics expert that the velocity changes from the collision were so minimal that only a very mild soft-tissue injury to Usry was possible. Although counsel for Usry characterizes Dr. Howard's opinion as "lightweight" and unreasonable, no comparable expert testified for Usry to contradict Dr. Howard.

 At the scene, Usry said he was not injured. Later in the day, he was seen at the Air Force hospital in Minot for back and

neck pain, but released. An x-ray at the hospital disclosed a "Clay Shoveler's T1 spinous process fracture" that was nearly healed and that dated from more than two weeks before the collision, even though Usry believed at first that the fracture came from the collision. Usry's medical records also showed that in April 1989, about eight months after the collision, Usry "fell ten steps," "[f]ell onto his tailbone," and "[d]id not seek care as such" then, although at trial Usry disputed the number of steps that he fell. Usry's physician testified that the fall "was an aggravation that resolved and was not a new injury."

Usry was discharged from the Air Force on February 20, 1990, with a twenty-percent disability rating. Thereafter, he had no therapy, hospitalization, or medical attention for the rest of the year, only a single medical examination in 1991 and another one in 1992, and only a few therapy visits in 1993 before trial.

We conclude that the trial court did not act arbitrarily, unconscionably, or unreasonably in denying Usry's motion for a new trial. We hold that the trial court did not abuse its discretion, and we affirm.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.