1998 ND 104

**Richard BARTA, Plaintiff and Appellant,**

v.

**Ricky J. HINDS, Defendant and Appellee.**

**Civil No. 970133.**

Supreme Court of North Dakota.

May 20, 1998.

Irvin B. Nodland (argued), of Irvin B. Nodland, P.C., Bismarck, for plaintiff and appellant.

Donald L. Peterson (argued), of Kenner Sturdevant Peterson Cresap, Minot, for defendant and appellee.

MARING, Justice.

[¶ 1] Richard Barta appeals from the order denying his motion for a new trial after a jury awarded him $5,604.70 in damages for pain and suffering for injuries sustained in a collision between Barta's motor home and a grain truck driven by Ricky Hinds. The jury, however, awarded Barta nothing for medical expenses or permanent disability. We conclude the special jury verdict is inconsistent and contrary to the evidence, and the trial court abused its discretion in denying the new trial motion. We reverse and remand for a new trial on all issues.

I

[¶ 2] On September 24, 1993, Richard Barta and Ricky Hinds were involved in a two vehicle collision. Richard Barta and his wife, Gerelyn, were traveling south on U.S. Highway 83 in their motor home. Richard was driving when they reached the intersection of U.S. Highway 83 and N.D. Highway 23 south of Minot. At approximately the same time, Ricky Hinds, who was driving a grain truck for a local farmer, also reached this intersection. Hinds had been driving west on Highway 23, but at the intersection proceeded to drive his truck south on Highway 83 into the path of the southbound Barta motor home. It was disputed whether Hinds stopped at the stop sign on Highway 23 before proceeding south on Highway 83. The two vehicles collided. Richard Barta sustained an injury to his leg and was taken to Trinity Hospital in Minot, where he remained for two to three hours and was released. Barta's motor home was a total loss.

[¶ 3] Barta sued Hinds for the injuries he sustained, and a trial commenced on February 25, 1997. At trial, Barta testified he underwent physical therapy for approximately six weeks in Bismarck, and was also hospitalized for five or six days for an infection in his right leg. Barta did not call any medical doctors as witnesses, but did put his medical records into evidence. He also entered into evidence his medical bills in the amount of $5,604.70. Barta did not make a claim for past or future lost income. Barta testified he returned to work in the first part of November 1993.

[¶ 4] The jury found Hinds 75% at fault and Barta 25% at fault. The jury awarded Barta damages for pain and suffering in the amount of $5,604.70. The jury, however, awarded nothing for medical expenses or permanent disability. Following the verdict, Barta made a motion for a new trial under Rule 59(b)(6), N.D.R.Civ.P. The trial court denied his motion, concluding the jury's allocation of fault was appropriate and Barta was not prejudiced by the jury's award of damages, even if mistaken. Barta appeals from the trial court's order denying his new trial motion and requests this Court to reverse and remand for a new trial.

II

[¶ 5] The standard for reviewing an order denying a motion for new trial is, after viewing the evidence in the light most favorable to the verdict, whether there is suffi-

cient evidence to justify the verdict. *Usry v. Theusch*, 521 N.W.2d 918, 919 (N.D.1994). We will not reverse a trial court's denial of a motion for new trial unless the trial court abused its discretion in denying the motion. *Id.; Fronk v. Meager*, 417 N.W.2d 807, 813–14 (N.D.1987). We will conclude a trial court has abused its discretion when:

> it acts in an arbitrary, unreasonable or unconscionable manner. A trial court acts in an arbitrary, unreasonable or unconscionable manner when its exercise of discretion is not "the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination," or, as alternatively stated, when it misinterprets or misapplies the law.

*Usry*, 521 N.W.2d at 919.

■ [¶ 6] On appeal, Barta argues the trial court abused its discretion in denying his motion for a new trial because the jury's special verdict awarding pain and suffering, but no medical expenses, is inconsistent with the evidence. We generally uphold special verdicts whenever possible and will set aside a jury's special verdict only if it is "perverse and clearly contrary to the evidence." *Fontes v. Dixon*, 544 N.W.2d 869, 871 (N.D. 1996); *Reisenauer v. Schaefer*, 515 N.W.2d 152, 157 (N.D.1994). We also will set aside a jury's damage award when it is so excessive or inadequate so as to be without support in the evidence. *Reisenauer*, 515 N.W.2d at 157. This Court has adopted the following test for reconciling apparent conflicts in a jury's verdict:

> "[W]hether the answers may fairly be said to represent a *logical and probable decision* on the relevant issues as submitted. If after a review of the district court's judgment no reconciliation is possible and the inconsistency is such that the special verdict will not support the judgment entered below or any other judgment, then the judgment must be reversed and the case remanded for a new trial." (Citation omitted.)

*Grenz v. Kelsch*, 436 N.W.2d 552, 553 (N.D. 1989) (quoting 5A Moore's Federal Practice ¶ 49.03[4], at 49–29 to 32 (1987)). Reconcilia-tion of a verdict, therefore, includes an examination of both the law of the case and the evidence in order to determine "whether the verdict is 'logical and probable' and thus consistent, or whether it is 'perverse and clearly contrary to the evidence.'" *Grenz*, 436 N.W.2d at 554–55.

[¶ 7] The apparent inconsistency to be reconciled here is whether it is a "logical and probable decision" for the jury to award Barta nothing for undisputed medical expenses, despite awarding Barta $5,604.70 for pain and suffering. The jury made this award after finding defendant Hinds was negligent and Hinds' negligence was the proximate cause of 75% of Barta's damages. We conclude this jury's verdict is irreconcilable because it is inconsistent and clearly contrary to the evidence presented at trial.

■ [¶ 8] In this case, on the issue of damages, the jury was instructed to consider "each of the following items of claimed detriment [Medical Expense; Pain, Discomfort, and Mental Anguish; and Permanent Disability] proximately resulting from the injury in question." The special verdict form also instructed the jury to "state the amount of damages, if any, you award to the Plaintiff Richard Barta in each of the following categories: [Pain and Suffering, Medical Expenses, Permanent Disability]." We have previously stated that unless there is an objection, a jury instruction becomes the law of the case. *Grenz*, 436 N.W.2d at 554. Under the instructions of this case, the jury appears free to award damages under one category, without awarding damages in another category. *See, e.g., Nesseth v. Omlid*, 1998 ND 51, ¶ 13, 574 N.W.2d 848; *Grenz*, 436 N.W.2d at 554. Although the jury may award damages in one category and not in another, the jury's answers must still represent a "logical and probable decision" and be consistent when considering the evidence in the light most favorable to the verdict.

■ [¶ 9] We have generally stated a jury's determination of noneconomic damages for pain, discomfort, and mental anguish mainly rests within its sound discretion because such determination is largely dependent upon the jury's common knowledge,

good sense, and practical judgment. *Reisenauer,* 515 N.W.2d at 157. The jury in this case did award a substantial amount for the noneconomic damages of pain and suffering, but denied all of Barta's economic damages, which were in the form of incurred medical expenses. The jury was given the following instruction regarding its consideration of medical expenses:

> In arriving at the amount of your verdict for damages arising from personal injury, you may consider ... the following ... claimed detriment proximately resulting from the injury in question:
>
> A. *Medical Expense*
>
> 1. The reasonable value, not exceeding the actual cost to the plaintiff, of examinations, attention and care by doctors, services of nurses, attendants and others, transportation, hospital accommodations, x-ray pictures, medicine, therapeutic devices and other supplies, if any, reasonably required and actually provided in treating the plaintiff; and
>
> 2. The reasonable value of medical, surgical, hospital, and other services, care, and supplies that will be required in the future treatment of the plaintiff.
>
> ....

Under the law as submitted in this case, in order for the jury to disregard and deny *all* Barta's medical expenses, the jury would have to conclude either the medical expenses put into evidence at trial did not proximately result from the injury in question, or the value of the expenses were unreasonable, or the expenses were not reasonably required, or the services were not actually provided in treating the plaintiff. In this case, Barta's medical expenses were undisputed. Although a jury need not accept even undisputed testimony, *Hector v. Metro Centers, Inc.,* 498 N.W.2d 113, 119 (N.D.1993); *Grenz,* 436 N.W.2d at 555, the jury's ultimate verdict based upon the evidence must still be logical and probable and thus consistent.

[¶ 10] The jury's verdict found Hinds was negligent and was responsible for 75% of the negligence which proximately caused Barta's damages. The jury also awarded Barta a substantial amount of money for pain and suffering, which indicates the jury believed Barta sustained some type of injuries in the collision. Barta testified he sustained in the accident some bruises, minor cuts, and an injury to his leg which resulted in pain, discoloration, and swelling. Barta testified he received emergency medical care shortly after the accident and spent about five or six days in the hospital a week later due to the redness of his leg and concern over infection. Barta also testified he underwent therapy for the leg infection twice a day for a period of six weeks.

[¶ 11] Barta's medical bills were entered into evidence without any objection either as to foundation, relevancy, or proximate cause. Furthermore, in its order denying Barta's motion for new trial, the trial court stated Barta's medical bills of $5,604.70 presented at trial were undisputed. Even if the relevancy of some of the services and treatment received by Barta were in dispute, this would not justify the denial of *all* medical services received by Barta in the treatment of his injuries. Considering the evidence in the light most favorable to the jury's verdict, it is illogical to deny all medical expenses which proximately resulted from Barta's injury. We are therefore unable to reconcile the answers given in this verdict.

[¶ 12] When there are apparent inconsistencies in a special verdict's answers, we will also look to the trial court "for its insight into the jury's verdict." *Fontes,* 544 N.W.2d at 872 (citing Rule 59(f), N.D.R.Civ. P., requiring the trial court to file "a written memorandum concisely stating the different grounds on which the ruling is based"). Here, in denying Barta's motion for a new trial, the trial court acknowledged that whether the jury erred "in setting forth damages in the amount of $5,604.70 for pain and suffering and giving nothing for medical expenses and permanent disability" was a "troublesome question." The trial court additionally noted $5,604.70 was the exact amount presented in evidence as Barta's medical expenses, and this amount was not in dispute.

[¶ 13] In its order explaining the grounds upon which it denied the new trial motion, the trial court merely speculated that the jury mistakenly placed the amount of Barta's medical expenses on the line for pain and suffering. Furthermore, the trial court concluded Barta was not prejudiced by this jury award, even if mistaken, because had the jury placed the amount of medical expenses on the proper line, under the provisions of the North Dakota Auto Reparations Act, Barta would not have been eligible to recover any amount.[1] The trial court's order simply does not aid us in our attempt to reconcile the jury's verdict, but instead highlights the very inconsistency presented in this special verdict's answers. We thus determine the trial court's explanation of the verdict's inconsistency is arbitrary and unreasonable and based mainly upon speculation rather than "the product of a rational mental process by which the facts of the record and law are relied upon," and we conclude the trial court abused its discretion by denying the new trial motion.

### III

[¶ 14] Viewing the jury instructions, the evidence, and the trial court's failure to give insight into the jury's verdict, the verdict is irreconcilable, and the trial court abused its discretion in denying the new trial motion. We reverse and remand for a new trial on all issues.

[¶ 15] MESCHKE, J., concurs.

1. In its order denying the new trial motion, the trial court explained that under the North Dakota Auto Reparations Act a secured person, such as Hinds, "is exempt from economic loss to the extent of all basic no-fault benefits paid." The trial court failed to note, however, under section 26.1–41–08, N.D.C.C., a "secured person" is also exempt from liability to pay damages for noneconomic loss *unless the plaintiff, in this case Barta,* sustained a "serious injury." A "serious injury" is defined as "an accidental bodily injury which results in death, dismemberment, serious and permanent disfigurement or disability beyond sixty days, or medical expenses in excess of two thousand five hundred dollars." N.D.C.C. § 26.1–41–01(21).

In *Fontes v. Dixon,* 544 N.W.2d 869, 871–72 (N.D.1996), a jury awarded $10,000 in past noneconomic damages, but nothing for past medical

VANDE WALLE, Chief Justice, concurring specially.

[¶ 16] I concur in the result reached by the majority, although I agree with much of what Justice Neumann writes in his dissent. I part company with the dissent on the fact the amount awarded for pain and suffering is the exact amount of medical expenses (to the penny)! I cannot accept that it is only an "interesting coincidence." The jury either entered the figure on the wrong line or, as the trial court seems to imply in its "Order Denying Motion For New Trial," the jury contrived to put the amount on the line for pain and suffering whereby the plaintiff would receive 75% of the amount rather than on the line for economic loss whereby the plaintiff would receive nothing:

> "The more troublesome question remaining is did the jury err in setting forth damages in the amount of $5,604.70 for pain and suffering and giving nothing for medical expenses and permanent disability? It is likely that the jury was simply mistaken and put the amount of the Plaintiff's medical expenses on the wrong line. It is noted that $5,604.70 is the amount presented in evidence as medical expenses for the Plaintiff. This amount is not in dispute. Prior to the trial and earlier it had been determined that the Plaintiff would not be able to recover these damages since they were paid under the provisions of the North Dakota Auto Reparations Act. That Act provides that a secure person such as the Defendant is exempt from economic loss to the extent of all

bills, past wage loss, future economic damages, or future noneconomic damages. In that case, we concluded the verdict was inconsistent because the jury found Fontes had sustained a "serious injury," but had not awarded any past economic damages to support such a finding. *Id.*

This issue was not raised on appeal, and it is unclear whether Barta may even recover the noneconomic damages of pain and suffering without a finding of a "serious injury" or even an award of medical expenses in excess of $2500. In the present case, unlike *Fontes,* the jury was not instructed on the secured person exemption, nor was it required to make a specific finding of whether Barta had sustained a serious injury. Because we are remanding for a new trial, we need not address these issues further.

basic no-fault benefits paid. The aforementioned $5,604.70 is an economic loss. Thus, even if the jury had entered this amount on a line for medical expenses, the Defendant would receive nothing. By placing the amount on the line for pain and suffering the Defendant will receive 75% of the aforementioned amount. Accordingly, it is my determination that the Plaintiff has not been prejudiced by the jury award and as such a new trial is not warranted."

[¶ 17] Either explanation does not justify the result and requires a new trial.

[¶ 18] Gerald W. Vande Walle, C.J.

NEUMANN, Justice, dissenting.

[¶ 19] Because I believe the trial court has not abused its discretion in denying the motion for new trial, I respectfully dissent.

[¶ 20] The majority correctly explains the standards for reviewing a motion for new trial. However, I fail to see how the trial court acted in an arbitrary, unreasonable, or unconscionable manner under the standard. *Nesseth v. Omlid*, 1998 ND 51, ¶ 6, 574 N.W.2d 848.

[¶ 21] As we explained in *Reisenauer*, a special verdict by a jury should be upheld on appeal whenever possible, and a special verdict will be set aside only when it is perverse and clearly contrary to the evidence. *Reisenauer v. Schaefer*, 515 N.W.2d 152, 157 (N.D. 1994). "The test is whether no reconciliation of the jury's answers is possible and the inconsistency is such that the special verdict will not support the judgment entered below or any other judgment." *Id.* "A new trial should not be granted on the ground that the verdict is inconsistent unless it is virtually impossible to make sense of the verdict." 50A C.J.S. Juries § 239 (1997).

[¶ 22] The jury was instructed to consider each of the following items claimed as a detriment proximately resulting from the injury in question: (1) medical expenses; (2) pain, discomfort, and mental anguish; and, (3) permanent disability. The jury was not required to award medical expenses in order to make an award for pain and suffering. The jury was also instructed Barta had the burden to prove the elements of damages, if

any, and that any damages awarded must be reasonable. We have stated: "There is no certain or definite rule by which the amount of damages can be measured, and each case must be determined on its merits. This determination is in the province of the jury and the matter of damages rests largely in the sound discretion of the jury. Before this court will interfere with the verdict on appeal, it must be so excessive or so inadequate as to be without support in the evidence." *Dewey v. Lutz*, 462 N.W.2d 435, 442 (N.D. 1990) (citations omitted).

[¶ 23] Here, the jury's verdict is not excessive, it is not inadequate, and it is supported by the evidence. The jury verdict can be reconciled. The jury simply may have decided to award one type of damages and not another. That the amount awarded for pain and suffering is the exact amount of medical expenses is an interesting coincidence, but speculating as to what the jury may have meant is just that, speculation.

[¶ 24] In *Nesseth*, we affirmed the trial court's denial of a motion for new trial under similar circumstances. As in the present case, the jury in *Nesseth* was instructed to consider several items of claimed detriment. *Nesseth*, 1998 ND 51, ¶ 13, 574 N.W.2d 848. The jury was instructed to award reasonable damages, *"if any"* for each item. *Id.* at ¶ 13. Under the law presented, the jury was free to award damages under one category, without awarding damages under another. *Id.* at ¶ 13. In *Nesseth*, the jury awarded an amount for medical expenses, but nothing for pain and discomfort, lost productive time, permanent disability, or future damages. *Id.* at ¶ 4.

[¶ 25] By reversing the jury's verdict based on alleged inconsistencies, we are speculating on the jury's intent. In doing so, we invade the discretionary province of the jury to find the facts and award damages. I would affirm the trial court's denial of the motion for new trial.

[¶ 26] SANDSTROM, J., concurs.