2003 ND 75

**Kelly MALCHOSE, Plaintiff
and Appellee,**

v.

**Eric Lynn KALFELL, Lisa Kalfell
and Lance Kalfell, Defendants
and Appellants.**

No. 20020290.

Supreme Court of North Dakota.

May 6, 2003.

Michael J. Maus of Hardy, Maus & Nordsven, P.C., Dickinson, ND, for defendants and appellants.

Vince H. Ficek, Dickinson, ND, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] The Kalfells appeal from the trial court's judgment finding them liable in a negligence action arising out of an automobile accident. We affirm.

[¶ 2] On February 13, 2000, Eric Kalfell and Kelly Malchose were involved in a motor vehicle accident. At the time of the accident, Eric Kalfell was driving a 1992 Pontiac Bonneville titled in the names of his parents, Lance and Lisa Kalfell. Malchose sued the Kalfells seeking to recover damages against Eric Kalfell for negligence, and against Lance and Lisa Kalfell on theories of family car doctrine, negligent entrustment, and strict liability for basic no-fault benefits under N.D.C.C. § 26.1–41–02(5). After a bench trial, the trial court found Eric Kalfell at fault for negligence, Lance and Lisa Kalfell liable under both the family car doctrine and strict liability claims, and it awarded Kelly Malchose damages. The Kalfells appeal.

[¶ 3] The Kalfells argue the trial court erred (1) in improperly admitting Plaintiff's Exhibit 7, a Worker's Compensation Bureau summary of medical bills; (2) in determining Lance and Lisa Kalfell were liable under the family car doctrine because Eric Kalfell was an adult child living away from home, Eric was the owner of the vehicle involved in the accident, and the car was not being used for family business; (3) in awarding damages for wage loss, tip income, delivery income, vehicle damage and non-economic damages; and (4) in finding Lance and Lisa Kalfell were owners of the car and therefore liable under North Dakota's Auto Accident Reparations Act.

I

[¶ 4] The Kalfells argue the trial court erred in admitting Malchose's Exhibit 7 into evidence over their objection. Malchose offered Exhibit 7 as evidence of the amount of medical damages he sustained. The Kalfells argue because the summary was not certified by the Bureau and is not

self-authenticating, it should not have been admitted.

## A

[¶ 5] We apply an abuse of discretion standard when reviewing whether a trial court should have excluded evidence for lack of authentication. *State v. Haugen*, 392 N.W.2d 799, 802 (N.D.1986). The requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. N.D.R.Ev. 901(a). "If the trial court is reasonably satisfied that the item offered is what it is purported to be and that the condition of the item is substantially unchanged, it is properly admissible in evidence." *State v. Hartsoch*, 329 N.W.2d 367, 370 (N.D.1983). Any defects in the chain of custody go to the weight of the evidence, not admissibility. *Id.* "It is uniformly recognized that a document may be authenticated by circumstantial evidence, such as the events preceding, surrounding, and following the transmission of a writing." *Haugen*, at 802. Such circumstantial evidence may include information in the writing that is known by the sender and the recipient. *Id.* Authenticity may be evidenced by the document's specificity, regularity, and official appearance. Evidence, 12A Fed. Proc., L Ed § 33:562, p. 336 (2002). Because N.D.R.Ev. 901 is taken from the Federal Rules of Evidence, with minor revision, we also consider federal cases to help interpret our rule. *See, e.g., State v. Manke*, 328 N.W.2d 799, 802 (N.D.1982).

[¶ 6] In the present case, the trial court admitted Plaintiff's Exhibit 7 largely based on Malchose's testimony that the Worker's Compensation Bureau summary reflected the medical bills he incurred in or from the accident. The summary's cover letter, while uncertified and without seal, is signed by a Bureau official. The cover letter indicates the summary was sent in response to Malchose's request for the summary. Malchose, as recipient of the document, is competent to testify that the document and the information therein was received from the Worker's Compensation Bureau, and was therefore an authentic Worker's Compensation Bureau summary. *See United States v. Jose Jimenez Lopez*, 873 F.2d 769, 772 (5th Cir.1989) (holding a judgment of conviction document was properly authenticated in a case in which a witness testified he personally requested the document and received it from a border patrol agent who procured it from a magistrate's court; the witness's testimony "provided circumstantial evidence to support the conclusion that the document was an official record"); *see also Hartsoch*, 329 N.W.2d at 370 (stating once a trial court concludes it is reasonably probable the evidence offered is what the evidence purports to be and it has not been substantially altered, any defects in the chain of custody go to the weight of the evidence, not admissibility). Malchose's testimony, combined with internal indicia within the document itself—its specificity and official appearance—supports both the document's apparent trustworthiness and the trial court's determination that the document is in fact a summary of medical bills compiled by the Worker's Compensation Bureau. *See Lopez*, at 772; *cf. Peterson v. North Dakota Dept. of Transp.*, 518 N.W.2d 690, 694 (N.D.1994) (holding an unsigned, uncertified document, without seal, letterhead, or other indication of official capacity lacked verifiable indicia that the document was in fact what it purported to be). While the summary may not be direct evidence, it is competent indirect evidence of Malchose's medical expenses. We conclude it was not an abuse of discretion for the trial court to admit the Worker's Compensation Bureau summary.

## B

[¶ 7] The Kalfells argue the medical bill summary, even if authentic, does not fall within the public record exception to the hearsay rule because it is not a publicly available record and because a custodian was unavailable for cross-examination. "Hearsay is not admissible except as provided by these rules, by other rules adopted by the North Dakota supreme court, or by statute." N.D.R.Ev. 802. Evidence is not excluded by the hearsay rule, even though the declarant is available as a witness, when the evidence consists of "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (ii) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . unless the sources of information or other circumstances indicate lack of trustworthiness." Rule 803(8), N.D.R.Ev.

[¶ 8] In the present case, the public record exception to the hearsay rule applies to a nonpublicly available record or data compilation from a public agency, and the availability of a custodian or other witness with knowledge of its making is immaterial. A record or data compilation does not have to be publicly available to fall within the exception; it need only be "made or done by an officer of the government." 5 John H. Wigmore, *Evidence*, § 1630, at 617 (1974). While a publicly available document adds "a special measure of trustworthiness," whether a document is publicly available or not "should not be regarded as justifying a definite limitation of the scope of the exception; for its strict application would exclude many classes of official documents which are in fact admitted and ought in reason to be admitted." *Id.*, § 1633, at 621.

[¶ 9] While the party objecting to evidence "may cross-examine under oath any person making the report or factual findings or any person furnishing information contained therein," "the lack of availability of that testimony does not affect admissibility of the report or factual findings unless, in the opinion of the court, the adverse party would be prejudiced unfairly." N.D.R.Ev. 803(8). Under our rule, the availability of a custodian or other witness with knowledge is immaterial unless the trial court deems their testimony necessary. Here, it was within the trial court's discretion to determine that the presence of a custodian or other official with knowledge was not necessary for cross-examination purposes. The trial transcript shows the Kalfells were given the opportunity to cross-examine Malchose after Exhibit 7 was admitted, but declined to take advantage of the opportunity.

[¶ 10] Applying Rule 803(8), N.D.R.Ev., the summary of medical bills constitutes a record or data compilation made by an officer or official of a public agency, the Workers Compensation Bureau. The Bureau's summary represents a record of matters observed under the Bureau's duty to record and compensate for an injured employee's medical bills. *See* N.D.C.C. §§ 65–04–04.3, 65–05–05, 65–05–32. Because the Bureau's summary is indirect competent evidence of Malchose's medical expenses and falls within the public record's exception to the hearsay rule, the trial court did not abuse its discretion by admitting Exhibit 7.

## II

[¶ 11] The Kalfells argue the trial court erred in applying the family car doctrine because Eric Kalfell was an adult child living away from home, and was the owner of the vehicle involved in the accident, and the vehicle was not being used for Kalfell family business.

[¶ 12] The family car doctrine places liability on the owner of a vehicle for negligent operation by a person using the vehicle with the express or implied consent of the owner for purposes of the business or pleasure of the owner's family. *McPhee v. Tufty*, 2001 ND 51, ¶ 13, 623 N.W.2d 390. The owner is not liable for his own negligence; he is vicariously liable for the tortious acts of the driver. *Id.* "Whether the family car doctrine applies depends on the totality of the circumstances." *Id.* at ¶ 14. The head of household's ownership of the vehicle strongly favors application of the doctrine. *Id.* To be liable, the head of household need not own the vehicle, but must furnish it for the use, pleasure, and business of himself or a member of the family. *Id.* Whether the family car doctrine applies is a question of fact. *Id.* at ¶ 15. We will not set aside a trial court's findings of fact unless they are clearly erroneous. *Id.* A trial court's findings of fact are clearly erroneous only if they are induced by an erroneous view of the law or, although there is some evidence to support the findings of fact, on the record as a whole we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶ 13] Here, Lance and Lisa Kalfell were named on the vehicle's certificate of title as owners at the time of the accident. While the Kalfells presented evidence Eric Kalfell used the vehicle as collateral for a loan, we agree with the trial court that this does not prove a transfer of ownership. Even if title had transferred to Eric Kalfell, the record shows he could not financially maintain the vehicle and attend college without Lance and Lisa Kalfell's support. Record evidence shows Lance and Lisa Kalfell purchased the vehicle and furnished it to Eric Kalfell. The Kalfells argue Eric Kalfell had moved away from the family ranch in Montana to attend college and he was, therefore, no longer a member of the family. Evidence presented at trial, however, showed Eric Kalfell was a member of the Kalfell family for the purposes of the family car doctrine. Eric Kalfell listed the family's ranch address on his driver's license, Lance and Lisa Kalfell claimed Eric Kalfell as a dependent on their tax return, and Lance and Lisa Kalfell financially supported Eric Kalfell while he was at college. Based on the record evidence, we conclude the trial court's findings of fact were not clearly erroneous and, in the totality of the circumstances, the trial court did not err in determining the family car doctrine applied.

III

[¶ 14] The Kalfells argue the trial court erred in awarding damages for medical expenses, wage loss, tip income, delivery income, vehicle damage and noneconomic damages. A trial court's determination of damages is a question of fact. *Bye v. Mack*, 519 N.W.2d 302, 305 (N.D. 1994). A trial court's findings of fact will not be set aside on appeal unless the party challenging the finding demonstrates they are clearly erroneous. *Id.* A trial court's findings of fact are viewed in a light most favorable to the findings. *Id.* "A choice between two permissible views of the evidence is not clearly erroneous." *Id.* Upon review, a trial court's findings of fact will only be clearly erroneous when, upon review of the entire evidence, we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶ 15] Regarding damages awarded for medical expenses, the Kalfells argue Exhibit 7 is not valid evidence of Malchose's medical expenses because the Bureau's summary included bills not related to the accident. Because Exhibit 7 is indirect competent evidence of medical expenses

incurred as a result of the accident, we conclude it was not clearly erroneous for the trial court to rely on Exhibit 7 in awarding medical expenses.

[¶ 16] Regarding damages awarded for wage loss, tip income, and delivery income, the Kalfells argue Malchose was not seeking recovery of wages paid by the Worker's Compensation Bureau and Malchose failed to produce evidence of actual expenses. We disagree. The record shows the Bureau had a subrogation interest in Malchose's lost wages and that Malchose presented evidence of the amount the Bureau paid him. The record shows Malchose presented Exhibit 4 as evidence of his tip income and delivery income and he testified to its accuracy. The Kalfells did not object to the admission of Exhibit 4. We conclude the trial court's finding of fact and award of wage loss, tip income, and delivery income was not clearly erroneous.

IV

[¶ 17] Regarding vehicle damages, the Kalfells argue Malchose's vehicle had pre-existing damage, and Malchose did not present competent evidence of its value at the time of the accident. The record shows Malchose presented evidence of the value of the vehicle and of improvements made to it. Eric Kalfell testified he had the opportunity to have Malchose's vehicle examined by an auto shop. The record shows the trial court considered all evidence and testimony presented on the vehicle's value in arriving at its decision. We conclude the trial court's finding of fact and award of vehicle damages were not clearly erroneous.

V

[¶ 18] Regarding non-economic damages, the Kalfells argue Malchose was not seriously injured and did not meet the monetary threshold to receive non-economic damages as required under N.D.C.C. ch. 26.1–41. The Kalfells concede that N.D.C.C. ch. 26.1–41 does not by its terms apply in this case because this vehicle was uninsured. Nevertheless, they ask this Court to extend the application of N.D.C.C. § 26.1–41–08(1)(a), exempting secured persons from liability for non-economic loss except in cases of serious injury, to cases involving uninsured vehicles. We find nothing in N.D.C.C. ch. 26.1–41 that suggests such an intent on the part of the legislature. Section 26.1–41–02(5), N.D.C.C., provides that owners of uninsured vehicles are absolutely liable at law for payment of basic no-fault benefits, and have all the rights and obligations of a basic no-fault insurer. However, the same section also states that this remedy is in addition to any other remedy an injured person may have against an owner.

[¶ 19] The trial court awarded non-economic damages under the family car doctrine. The Kalfells have failed to show the trial court's findings of fact and conclusions regarding the family car doctrine are erroneous. The trial court's award of non-economic damages is affirmed.

VI

[¶ 20] The Kalfells argue the trial court erred in concluding Lance and Lisa Kalfell were owners of this uninsured vehicle and therefore absolutely liable for basic no-fault benefits under section 26.1–41–02(5) of North Dakota's Auto Accident Reparations Act. As set out above, the trial court found Lance and Lisa Kalfell were owners of this uninsured vehicle at the time of the accident, and we held that finding was not clearly erroneous.

VII

[¶ 21] The trial court's judgment is affirmed.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

KAPSNER, Justice, concurring.

[¶ 23] Because the Kalfells have appealed only the applicability of the family car doctrine to the facts of this case and not the doctrine itself, I concur. I continue to be of the opinion that the family car doctrine is inconsistent with legislative acts mandating liability insurance and governing uninsured and underinsured motorists and, therefore, should be abolished. *See McPhee v. Tufty*, 2001 ND 51, 623 N.W.2d 390 (Kapsner, J., concurring in the result). One inconsistency between the statutes and the family car doctrine is highlighted in part V of the majority opinion regarding the type of damages which may be awarded. However, because the doctrine itself was not challenged, I agree the facts in evidence support its application.

[¶ 24] In ¶¶ 7 through 10, the majority opinion engages in a technical examination of an exception to the hearsay rule for admission of a medical bill summary prepared by the Workers Compensation Bureau. I do not join in that analysis because I do not believe the evidence is hearsay. Malchose is competent to testify about the basic facts of his treatment—when he was treated, who provided the treatments and what was the cost of his treatments. *See, e.g., Barta v. Hinds,* 1998 ND 104, ¶ 10, 578 N.W.2d 553; *Erdmann v. Thomas,* 446 N.W.2d 245 (N.D. 1989). Offering this information in summary form is contemplated by the rules of evidence. N.D.R.Ev. 1006. The fact that the summary was prepared by someone else does not require finding an exception to the hearsay rule so long as the information summarized could be testified to by the person offering the exhibit. As noted in ¶ 6 of the majority opinion, the summary exhibit was received based upon Malchose's testimony that it reflected his medical bills. There was no abuse of discretion in its admission as a summary of evidence that Malchose himself was competent to give.

[¶ 25] Carol Ronning Kapsner